

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Syrian E. Marbut
County Attorney, Lubbock Co.
Lubbock, Texas

Dear Sir:

Opinion No. O-5753
Re: Authority of Commissioners'
Court to employ co-ordinator
of various interested groups
to eliminate Johnson grass
from county and pay him out
of available public funds.
Also related question.

Your recent communication to this department contains the following questions:

"1. Does the Commissioners' Court have the authority to employ someone of their own choosing and pay him out of available public funds for his service, to act as coordinator of various interested groups to the end that Johnson grass shall be completely eliminated from this County?

"2. Does the Commissioners' Court have the authority to employ some person of their own choosing and pay him out of available public funds now on hand for his services, whose duty it will be to induce, propagandize, organize and educate landowners whose property abuts the road right-of-ways to the end that Johnson grass and other obnoxious weeds will not propagate on abutting lands, which grasses, if allowed to remain, will reinfest the County roadways thereby to a large extent, defeating the efforts that the Commissioners' Court is making in eliminating Johnson grass along its roadways?"

In reply thereto, we advise as follows:

"Counties, being component parts of the State, have no powers or duties except those which are clearly set forth

Hon. Syrian E. Marbut, page 2

and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the Commissioners' Courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties.

"The grants of power to such governmental agencies as counties, townships and school districts, are generally more strictly construed than are those to incorporated municipalities. The Commissioners' Court is not vested with any general police power. . . ." Vol. 11, T. J., 563, par. 36.

"Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, & that is, by the Constitution and statutes of the State." Vol. 11, T. J., 564-565, par. 37.

Also, the authority of the Commissioners' Court of any county to make contracts in its behalf, is strictly limited to that conferred either expressly or by fair or necessary implication by the Constitution and laws of this State. See Roper v. Hall, (Civ. App.) 280 S. W. 289, and authorities therein cited on p. 291, first column.

"Implied powers are such as are necessary to carry into effect those which are expressly granted, and which must therefore be presumed to have been within the intention of the legislative grant. City of Madison vs. Daley, 58 F. 751, 755." Vol. 20, Words and Phrases, p. 250.

"The implied powers of a county are only those which are necessary to enable it to exercise either its inherent or expressed powers. In re: Board of Commissioners of Cook County, 177 N. W. 1013, 1014, 146 Minn. 103." Vol. 20, Words and Phrases, p. 252.

"'Implied powers' as of Board of County Commissioners, cannot exist until creation of express power from which it may spring,.... its strength must be sufficient to withstand all attacks of doubt.... State ex rel. Bell v. Board of Com'rs. of Beadle County S. D. 300 N. W. 832,834." Vol. 20, Words and Phrases, 1944 Cum. Pocket Parts. page 61.

Art. 5, Sec. 18, Constitution of Texas, directs that the Commissioners' Court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

The general powers and duties conferred by the Legislature on the Commissioners' Courts are set forth in Art. 2351, V.A.C.S. Many special powers and duties are conferred by various other statutes. However, after a careful search, we are unable to find any authority, constitutional or statutory, either expressed or implied, which empowers the Commissioners' Court of your county to employ any person for the purposes covered by your communication. It is to be conceded that such purposes are most worthy. Nevertheless, no authority exists for their accomplishment in the manner proposed.

It is, therefore, the opinion of this department that both questions submitted must be answered in the negative.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By L. H. FLEWELLEN
Assistant

LHL:rt

APPROVED DEC 3, 1944

(Acting) ATTORNEY GENERAL OF TEX.



APPROVED
OPINION
COMMITTEE